## CIRCUIT COURT OF ALBEMARLE COUNTY

John W. Draper et al.

v.

Patricia Pauley

January 22, 1996

Case No. 95-182

BY JUDGE PAUL M. PEATROSS, JR.

Pursuant to Virginia Code § 64.1-78, as amended, John W. Draper and Charles E. Draper ("contestants") have appealed the admission to probate of a document purporting to be the last will and testament of Irene Draper, the contestants' mother. The only disposition of property specified in the will was the devise of a house located on Belmont Avenue to Ms. Draper's niece, Patricia Pauley. Testimony at a hearing held on January 11, 1996, revealed the following facts, which are not in dispute.

### Facts

On March 1, 1995, Ms. Draper was a patient at Martha Jefferson Hospital. Patricia Pauley as well as Darlene Butler, Alice Butler, and two minor children (all family friends) visited Ms. Draper on that date. Immediately prior to the visit, Ms. Pauley had attempted to obtain a "cable box" from Adelphia Cable and was unable to do so because the cable service was issued under the name of Ms. Draper, who lived with Ms. Pauley. Ms. Draper wished to remedy this problem and, at the same time, wished to execute a will. Darlene Butler summoned a nurse and told her Ms. Draper's wishes. The nurse summoned hospital employee Tracy Collier, a notary public who worked in the medical records department.

It is not uncommon for patients at Martha Jefferson to request the services of notaries, and there are a number of employees in the medical records department who, like Tracy Collier, are notaries public. The supervisor of these employees has established certain procedures to be fol-

lowed each time a document is notarized. For example, notaries have been instructed to notarize only language which appears above their signatures and to complete faithfully any applicable forms, such as self-proving will forms. Each notary also has a personal log in which she records the date and description of each document notarized.

Tracy Collier's log indicates that on March 1, 1995, Ms. Collier notarized a "letter verifying signature" for Irene Draper. Ms. Collier, however, has no independent recollection of the specific events of that day.

According to the testimony of Ms. Pauley and Darlene Butler, Ms. Collier entered Ms. Draper's room and, without discussing why she had been summoned, sat down and immediately began writing two documents, the top portions of which are identical and read as follows:

> This is to verify that the signature below is the true signature of Irene Draper.

(signature of Irene Draper)

State of Virginia, City of Charlottesville
(seal and signature of Tracy Collier, dated March 1, 1995)

In addition to Ms. Draper and Ms. Collier, others present in the room when Ms. Draper signed her name were Ms. Pauley, Darlene Butler, Alice Butler, the two minor children and the nurse who had summoned Ms. Collier. After Ms. Collier notarized the first document, Ms. Pauley transcribed the following statements onto its lower portion as Ms. Draper dictated:

> I Irene Draper being of sound and disposing mind, memory, and understanding do hereby make publish and declare this instrument of writing to be my request.
>
> I own a house on Belmont Avenue that I would like to give my niece Patricia Pauley if anything should happen to me.
>
> The reason for this is that Pat has always been there for me. She takes care of all my business for me and even takes care of me. I live with her now.

When Ms. Pauley finished writing, she read the document back to Ms. Draper who said that the document was as she wanted it. At that time, Darlene Butler signed the will beside Ms. Collier's name, beneath Ms. Draper's signature and above the body of the will.

While Ms. Draper was dictating the will, Ms. Collier completed the top portion of the second document. Later, at the Adelphia Cable office, Ms.

Pauley wrote the following statement on the bottom portion: "Adelphia Cable [,] Pat Pauley has my permission to pick up the cable box for my T.V."

Ms. Draper also expressed her wish to execute a power of attorney for Ms. Pauley, and Ms. Collier recommended that Ms. Pauley go to Staples to buy a standardized form. Ms. Pauley returned the next day, March 2, 1995, with a blank power of attorney form, which Ms. Draper executed and Ms. Collier notarized. Ms. Collier reported the event in her log.

Approximately twenty-five to thirty minutes elapsed during the creation of the above-described documents in Ms. Draper's hospital room on March 1, 1995. Each document executed on that day consists of only one page, and there has been no allegation that pages are missing from the will. There also has been no testimony that Ms. Collier saw or signed the will after Ms. Draper acknowledged it. Furthermore, the contestants have made no allegations of fraud or of incapacity by Ms. Draper.

### Analysis

The sole issue to be resolved is whether the document in question is the will of Irene Draper. Important to a determination of that issue is not whether Tracy Collier properly notarized the will but rather whether her signature serves as that of a subscribing witness. A will need not be notarized but is valid only if the testator signs the will or acknowledges the will to be his act in the presence of at least two competent witnesses, present at the same time, who subscribe the will in the testator's presence. Va. Code Ann. § 64.1-49 (Michie Repl. Vol. 1995).

When Ms. Collier attested Ms. Draper's signature, the will did not exist. Afterwards, when the text of the instrument had been written and Ms. Draper had acknowledged it as her will, Ms. Collier did not subsequently sign it. Therefore, Ms. Collier was not a subscribing witness to Ms. Draper's will.

The evidence suggests, however, that Darlene Butler was a proper witness. She signed the document after hearing Ms. Draper acknowledge the instrument as her will. Moreover, according to the Virginia Supreme Court's decision in *Robinson v. Ward*, Patricia Pauley also qualifies as a subscribing witness. *See* 239 Va. 36 (1990).

The testatrix in *Robinson* dictated her will to a friend, Ward, whom the testatrix named as the beneficiary. *See id.* The testatrix read and signed the will, and another friend, Knudson, signed the will as a witness later that day. *Id.* at 39-40. The Court held that although Ward did not intend to act

as a witness when she wrote her name in the first line of the document, she nevertheless was a subscribing witness to the execution of the will. *Id.* at 44.

Applying *Robinson* to the instant case, Patricia Pauley served as a subscribing witness to the execution of Ms. Draper's will. She acted as witness to the preparation and execution of the document and was present with Darlene Butler when Ms. Draper acknowledged the document as her will. *See id.* Both women had previously seen Ms. Draper affix her signature to the document. Accordingly, her signature and the signature of Darlene Butler are sufficient to validate the will.

### Conclusion

Because Irene Draper acknowledged her will before two witnesses present together who affixed their names to the document and because there are no allegations of fraud or incapacity, this Court holds that the Clerk properly admitted the document in question to probate as the will of Irene Draper. The Court will accordingly enter an Order consistent with this opinion, dispensing with signature by counsel.

### Order

This cause came on the 11th day of January, 1996 to be heard upon the appeal of John W. Draper and Charles E. Draper (contestants) upon an appeal from the Order of the Clerk admitting to probate a document purporting to be the Last Will and Testament of Irene Draper; upon evidence presented to the Court *ore tenus*; and upon argument of counsel.

For the reasons stated in the Court's letter opinion of January 22, 1996, which is incorporated by reference herein, it is adjudged and ordered that the declaration of the Clerk admitting the document purporting to be the Last Will and Testament of Irene Draper is affirmed.

Endorsement of this Order by counsel is dispensed with for good cause.